2017 PA Super 195

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICCARIO J. JONES, | : | |
| | : | |
| Appellant | : | No. 1330 WDA 2016 |

Appeal from the Order Dated May 3, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003518-2014

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.:                              **FILED JUNE 21, 2017**

Appellant, Riccario J. Jones, appeals from the May 3, 2016 Order denying his Motion to Dismiss.[1]  After careful review, we affirm.

We summarize the facts and procedural history, as gleaned from the certified record, as follows.  Police arrested Appellant following a shooting on November 5, 2014, in Erie, Pennsylvania.  The Commonwealth charged Appellant with Aggravated Assault, Discharge of a Firearm into an Occupied Structure, Receiving Stolen Property, Persons Not to Possess a Firearm,

---

[1] On May 6, 2016, the trial court granted Appellant's Motion to Certify this Order for immediate appellate review pursuant to 42 Pa.C.S. § 702(b), concluding that the issue raised by Appellant includes "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order of May 3, 2016[,] may materially advance the ultimate determination of the matter[.]"  Trial Ct. Order, 5/6/17.  Thereafter, Appellant filed a timely Petition for Permission to Appeal, which this Court granted on September 8, 2016.

Firearms Not to be Carried without a License, Possession of an Instrument of a Crime, Recklessly Endangering Another Person ("REAP"), Terroristic Threats, and Attempted Murder.[2]

On September 18, 2015, following a four-day trial, the jury convicted Appellant of Discharge of a Firearm into an Occupied Structure, Persons Not to Possess a Firearm, Firearms Not to be Carried without a License, Possession of an Instrument of a Crime, REAP, and Terroristic Threats. The jury was deadlocked on the Aggravated Assault and Attempted Murder charges; therefore, the court declared a hung jury as to those counts. The court recorded the guilty verdicts on the remaining counts.[3]

On April 18, 2016, Appellant filed a Motion to Dismiss pursuant to Pa.R.Crim.P. 648 wherein he requested that the court issue an order barring retrial on the deadlocked counts of Aggravated Assault and Attempted Murder. In support, he asserted, *inter alia*, that "the jury's finding of guilt on lesser included offense of REAP results, for purposes of retrial, [in] an acquittal" of the deadlocked offenses of Aggravated Assault and Attempted Homicide. Appellant's Motion to Dismiss, at ¶ 10.

_____

[2] 18 Pa.C.S. §§ 2702(a)(1), 2707.1, 3925, 6105(a), 6106(a), 907(a), 2705, 2706, and 901/2501, respectively.

[3] The court also entered a Judgment of Acquittal on the Receiving Stolen Property Charge.

On May 3, 2016, the trial court denied Appellant's Motion. Appellant thereafter sought permission to Appeal to this Court, which this Court granted on September 8, 2016.

Appellant raises the following issue for our review:

Whether the [t]rial [c]ourt committed an error of law in denying Appellant['s] Motion to Dismiss as the Commonwealth is barred by the Double Jeopardy Clause as well as Pa.R.Crim.P. 648 from retrying [] Appellant for Aggravated Assault and Criminal Attempt – Homicide where the jury reached a verdict as to a lesser included offense thereof.

Appellant's Brief at 3.

In his sole issue on appeal, Appellant argues that the trial court erred in denying his Motion to Dismiss because Article 1, Section 10 of the Pennsylvania Constitution, pertaining to double jeopardy, and Pa.R.Crim.P. 648 bar his subsequent retrial. Appellant's Brief at 7-10. Appellant avers that the jury's guilty verdict on the REAP charge precludes the Commonwealth from retrying him on the Aggravated Assault and Attempted Murder charges because REAP is a lesser included offense of Aggravated Assault and Attempted Murder. *Id.* at 7-8. Without citation to any authority, Appellant claims that "the jury's agreement as to [the REAP charge], as a lesser included offense, operates as an acquittal of the charges of Aggravated Assault and [Attempted Murder], as a matter of law." *Id.* at 8-9. Appellant further argues, again without citation to any authority, that 18 Pa.C.S. § 109(1) also "bars re-prosecution for Aggravated Assault and

[Attempted Murder] due to the jury's finding of guilt as to the [REAP] count, which constitutes an acquittal of all greater included offenses." *Id.* at 9.

Appellant's challenge raises a question of law. As with all legal questions, our standard of review is *de novo*. *See generally Commonwealth v. Mattis*, 686 A.2d 408, 410 (Pa. Super. 1996).

Retrial after a hung jury normally does not violate the Double Jeopardy Clause. *Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003); *Commonwealth v. Harris*, 582 A.2d 1319, 1321 (Pa. Super. 1990). Pa.R.Crim.P. 648(D), pertaining to jury verdicts generally, permits retrial on the charges upon which the jury could not agree when those charges are not "included offenses" of the charges for which the jury could agree:

> (D) If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed. **When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment.**

Pa.R.Crim.P. 648(D) (emphasis added).

Additionally, this Court has held that "retrial of charges on which a jury has been unable to agree is not barred unless the jury made findings on one or more other charges which **must be interpreted as an acquittal** of the

- 4 -

offense for which the defendant is to be retried." ***Harris***, 582 A.2d at 1322 (emphasis added) (concluding that a guilty verdict on a simple assault charge did not preclude retrial on aggravated assault charge where the jury was unable to reach a verdict).

It is well-settled that where a person is tried and **acquitted** of a crime which is a constituent of another crime, he may not be prosecuted for the greater crime. ***See, e.g., Commonwealth v. Thatcher***, 71 A.2d 796, 798 (Pa. 1950) (emphasis added). Appellant, relying on 18 Pa.C.S. § 109(1),[4] argues that his **conviction** of REAP, as a constituent or lesser-included crime, operates as an acquittal to the greater offenses of Aggravated Assault and Attempted murder, thus precluding his re-prosecution for those charges. This argument lacks merit.

_____

[4] 18 Pa.C.S. § 109 provides, in relevant part:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser[-]included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S. § 109(1).

In the instant case, the jury found Appellant guilty of REAP, but could not reach a verdict on Aggravated Assault or Attempted Murder. To analyze the double jeopardy implications of this, we must review the statutes to determine whether the charge of REAP is an included offense of Aggravated Assault or Attempted Murder.

REAP is defined at 18 Pa.C.S. § 2705 as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

Aggravated Assault is defined at 18 Pa.C.S. § 2702(a)(1) as follows:

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1).

Attempted Murder is as defined at 18 Pa.C.S. §§ 2501 and 901 as follows:

**(a) Offense defined.--**A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.

18 Pa.C.S. § 2501(a).

**(a) Definition of attempt.--**A person commits an attempt when, with intent to commit a specific crime, he does any act

which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901(a).

By its verdict, the jury concluded that Appellant had recklessly engaged in conduct that placed or might have placed another person in danger of death or serious bodily injury. The REAP conviction, however, does not operate as an acquittal with respect to Aggravated Assault and Attempted Murder. While the Aggravated Assault and Attempted Murder statutes contain the word "reckless," these statutes also contain elements not present in the definition of REAP, upon which the jury could not reach a conclusion.

Accordingly, we disagree with Appellant that a hung jury on his Aggravated Assault and Attempted Murder charges operates as an acquittal on those counts, or that his conviction of REAP operates as an acquittal to the Aggravated Assault and Attempted Murder charges. Neither Section 109 nor principles of double jeopardy preclude the Commonwealth from retrying Appellant on the charges for which the jury was unable to reach a verdict.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/21/2017</u>